UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAGE,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>   Defendant. | Case No. 14-cv-02870-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 45 |

Pursuant to 42 U.S.C. § 405(g), Plaintiff John Page filed this lawsuit seeking judicial review of the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision denying him disability benefits from January 21, 2011 through June 14, 2013. The court granted in part Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, ordered the case remanded to the Commissioner for an award of benefits pursuant to the Ninth Circuit's "credit-as-true" rule, and entered judgment for Plaintiff. [Docket Nos. 43 (Order), 44 (Judgment).] The Commissioner now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the motion is denied.

**I. BACKGROUND**

 **A. Administrative Proceedings**

Plaintiff filed an application for Social Security Disability Insurance benefits alleging disability beginning January 21, 2011 that was denied initially and upon reconsideration. An administrative law judge (the "ALJ") held a hearing on April 30, 2013. Following the hearing, the ALJ issued a decision finding Plaintiff not disabled. The ALJ determined that Plaintiff has the following severe impairments: chronic cervical spine strain/sprain and spinal stenosis; chronic sprain/strain of the upper extremities; bursitis; tremor of the right arm; obesity; status post right

knee arthroscopy; chronic knee sprain/strain, bilateral; and depressive disorder. At the fourth step of the sequential evaluation process, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain exceptions:

> [Plaintiff] can only lift and or carry 10 pounds, both occasionally and frequently; he can stand and or walk for four hours in an eight hour day; he can never climb ramps, stairs, ladders, ropes, and scaffolds; he can never balance, stoop, kneel, crouch, or crawl; he is limited to frequent overhead reaching, bilaterally; he must avoid exposure to hazards such as moving machinery and unprotected heights; he must use a cane for walking long distances and or on uneven terrain; he is limited to simple, routine, repetitive tasks; and he cannot have any interaction with the public.

Order at 2.

In determining Plaintiff's RFC, the ALJ gave reduced weight to June 15, 2011 and April 11, 2013 assessments by Plaintiff's treating physician, Dr. Erickson Aquino, about the functional impact of Plaintiff's cervical and lumbar radiculopathy, cervical and lumbar stenosis, and osteoarthritis of the knees. Specifically, Dr. Aquino described Plaintiff's limitations and opined that Plaintiff would be absent from work five times per month or more, would need to work reduced hours (six hours or less) at least 15 days per month, and would need to take at least eight unscheduled extra breaks per eight-hour day. Order at 6, 13-14. The ALJ also gave reduced weight to the September 2012 opinion of Plaintiff's treating psychologist, Dr. Mitchell Houston, that Plaintiff is not capable of working in a competitive environment due to his psychiatric condition, and more specifically, that Plaintiff would be absent from work five times a month or more, could not sustain daily employment, and is incapable of working an eight-hour shift. Order at 10, 17-18. Further, the ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms of his severe impairments were "not entirely credible." Order at 20. Relying on the opinion of a vocational expert ("VE") who testified that an individual with such an RFC could perform other jobs existing in the economy, the ALJ concluded that Plaintiff is not disabled.

On April 16, 2014, the Appeals Council issued a partially favorable decision on Plaintiff's request for review. It found Plaintiff disabled as of June 14, 2013, the date of the ALJ's decision, because he was within six weeks of his 55th birthday, which is advanced age within the meaning

of Social Security regulations. Order at 2. However, the Appeals Council adopted the ALJ's conclusion that Plaintiff had not been disabled for the period prior to June 14, 2013. *Id.* Plaintiff then filed this lawsuit, which resulted in this court's issuance of the Order.

**B.    The Relevant Rulings in the Order[1]**

**1.    The Finding of Error in Discounting Dr. Aquino's Opinions**

The court held that the ALJ erred in discounting Dr. Aquino's June 2011 and April 2013 opinions regarding Plaintiff's functional abilities. The ALJ gave these two opinions reduced weight, noting that "an opinion by a medical source that a claimant is disabled or unable to work does not mean that a claimant is disabled." She also stated that the opinions "are internally inconsistent, as well as not consistent with the record as a whole, and are not supported by the objective medical evidence." Order at 13-14. The ALJ also discussed a third opinion by Dr. Aquino, a March 6, 2012 "Work Status Report" in which he placed Plaintiff on "modified activity" at work and at home from March 1, 2012 through August 31, 2012. Dr. Aquino opined that Plaintiff could stand, walk, sit, drive, bend at the waist, and squat/kneel occasionally, or up to 25% of a shift. The ALJ noted that although the opinion "does not give specific work related limitations, other than the ability to stand, walk, sit, drive, bend, squat, and kneel occasionally, the majority of the opinion is nonetheless consistent with the record as a whole, as well as with [Plaintiff's] activities of daily living," and gave the opinion "significant weight." Order at 14.

The court held that the ALJ had failed to provide specific and legitimate reasons supported by substantial evidence to discount Dr. Aquino's opinions. Specifically, the court held that the ALJ committed error by making conclusory and insufficient statements by simply ruling that Dr. Aquino's opinions were "internally inconsistent," "not consistent with the record as a whole," and "not supported by the objective medical evidence." This court determined that:

> [w]hile these reasons could justify a decision not to give the treating physician's opinion controlling weight, *see* 20 C.F. R. §§ 404.1527(c)(2), or could constitute legitimate reasons for rejecting a medical opinion, the ALJ did not identify which of Dr. Aquino's opinions are contradictory, how they are inconsistent with the record as a whole, and which objective medical evidence does not support

---

[1] *Page v. Colvin*, No. 14-cv-02870-DMR, 2016 WL 1110263 (N.D. Cal. Mar. 22, 2016).

3

> the opinions. "The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (internal citation omitted). "Determining whether inconsistencies are material (or in fact inconsistencies at all) . . . falls within this responsibility." *Id.* If an ALJ determines that a treating physician's opinion is inconsistent with the medical record, she must directly identify and discuss those records. *See Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). Here, the ALJ failed to identify and discuss such records or explain why other purportedly inconsistent findings are entitled to more weight than Dr. Aquino's, instead stating only that Dr. Aquino's opinions were "not consistent with the record as a whole." A.R. 29. This is insufficient.

Order at 15. Similarly, the court also found error with respect to the ALJ's statement that Dr. Aquino's opinions were "not supported by the objective medical evidence," because the ALJ "failed to specifically identify what objective medical evidence did not support Dr. Aquino's opinions, let alone provide her own interpretation of the evidence." Order at 15. The court noted that the ALJ apparently had not considered the factors that are relevant to determining whether a medical opinion should control. These factors include:

> the treatment relationship, frequency of examination, nature and extent of treatment relationship, evidence supporting the opinion, and the doctor's specialization. *See* 20 C.F.R. § 404.1527(c)(2)-(c)(6). Had the ALJ engaged in this analysis, the fact that Dr. Aquino had treated Plaintiff for three years and was familiar with the wide range of treatments Plaintiff had undergone, including knee surgery, medications, physical therapy, referral to a spine clinic, and injections, as well as his familiarity with Plaintiff's mental and physical impairments, may have tipped the scale in favor of giving controlling weight to Dr. Aquino's June 2011 and April 2013 opinions.

Order at 15-16.

### 2. The Finding of Error in Discounting Dr. Houston's Opinions

The court also held that the ALJ erred in giving reduced weight to Dr. Houston's opinion about the disabling effects of Plaintiff's depression. The ALJ stated that Dr. Houston's opinion "is inconsistent with the record as a whole, which indicates that the claimant has received mostly medication refills, with little change in treatment, as well as minimal counseling or therapy." Order at 17. The court held that this reason was not supported by substantial evidence, noting that it was not clear why the ALJ had described Plaintiff's treatment for depression as "minimal." The

4

court discussed record evidence about Dr. Houston's treatment of Plaintiff since June 2011, including treatment notes from monthly therapy sessions from August 2011 and November 2012, and held that "[s]ubstantial evidence does not support the ALJ's determination that regular, monthly therapy sessions over the course of two years, along with medication, including anti-depressants Prozac and Buprorion, constitutes only minimal counseling or therapy." Order at 17-18.  The court also noted that Dr. Houston's treatment notes were consistent with his September 2012 assessment that Plaintiff was only "mildly improved" after over one year of treatment.  Order at 17-18.

### 3. Remand for Payment of Benefits

The court applied Ninth Circuit precedent to credit the opinions of Drs. Aquino and Houston as true because the ALJ erred in discounting their opinions.  The court noted that the VE had testified that an individual with the restrictions assessed by Dr. Aquino—the need to take hourly breaks and the need to work a six-hour day at least 15 times per month—would not be able to maintain employment.  Order at 22.  The court, satisfied that there was not a "serious doubt that [Plaintiff] is, in fact, disabled," remanded the case to award Plaintiff disability benefits from January 21, 2011 through June 14, 2013.  Order at 22 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)).[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may move to "alter or amend a judgment."  Since Rule 59(e) does not list "specific grounds for a motion to amend or alter . . . the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011) (quotation omitted).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is

---

[2] The court also held that the ALJ had erred in finding Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms of his severe impairments "not entirely credible."  Order at 20.  This portion of the court's order did not form the basis for its decision to remand for payment of benefits and is not at issue in this motion.

5

necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

"[A]mending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id*. (quoting *McDowell*, 197 F.3d at 1255 n.1). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

The Commissioner's motion focuses on the first ground for relief identified by the Ninth Circuit in *Allstate*, arguing that amendment of the judgment is warranted to correct a "manifest error of law" upon which the judgment is based. The Commissioner does not challenge the court's conclusion that the ALJ erred in evaluating the opinions of Drs. Aquino and Houston. Instead, she argues that the court erred in remanding for an award of benefits rather than for further administrative proceedings to correct the errors. According to the Commissioner, the court erred in crediting these opinions as true and remanding for payment of benefits without first assessing whether there were outstanding issues that must be resolved before a finding of disability could ensue. She argues that because the record contains "conflicting and/or ambiguous evidence casting doubt about Plaintiff's disability," the court was required under Ninth Circuit precedent to remand the matter for further proceedings. Mot at 8 (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014)).

As an initial matter, the court notes that the Commissioner's arguments on this point either were or could have been presented in the Commissioner's cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. *See, e.g.*, Def.'s Opp'n & Mot. for Summ J. (Docket No. 37) ("even if the Court were to accept Plaintiff's arguments that the ALJ erred in evaluating certain medical opinions, additional proceedings would still be necessary to resolve continuing conflicts among the opinions. . . . merely crediting one or even two of those opinions as 'true' does not resolve the conflict and justify an award of benefits." (citing *Treichler*,

6

775 F.3d at 1104-05)). The Commissioner's disagreement with the court's ruling on arguments the parties already presented is not a valid basis for a Rule 59(e) motion. *See Exxon Shipping*, 554 U.S. at 486 n.5 (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Nevertheless, the court discusses the Commissioner's arguments below.

A court may remand a disability case for further proceedings "if enhancement of the record would be useful." It may only remand for benefits, on the other hand, "where the record has been fully developed and further administrative proceedings would serve no useful purpose." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). In determining whether to remand for benefits, the Ninth Circuit has devised a "three-part credit-as-true standard." *Garrison*, 759 F.3d at 1020. Each part of the standard must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id*. A court is required to remand for further development of a disability case when, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

Here, the court applied *Garrison*'s three-part credit-as-true standard and remanded the matter for payment of benefits. It specifically concluded that "the record has been fully developed, and there is no indication that further administrative proceedings would serve a useful purpose." Order at 22. The court discussed the fact that the ALJ had failed to provide legally sufficient reasons for rejecting the opinions of Drs. Aquino and Houston and Plaintiff's testimony and found that "[i]f this evidence were credited, the ALJ would be required to find Plaintiff disabled." *Id*. This conclusion was based on the VE's testimony that an individual with Plaintiff's restrictions as assessed by Dr. Aquino, namely, the need to take hourly breaks and to work a six-hour day at least 15 times per month, would not be able to maintain employment. *Id*.

In *Treichler*, which was decided several months after *Garrison*, the Ninth Circuit stated

7

that further "[a]dministrative proceedings are generally useful where the record has [not] been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Treichler*, 775 F.3d at 1101 (internal citations and quotations omitted). It held that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. (citation omitted). The Commissioner argues that *Treichler* stands for the proposition that remand for further proceedings is required in this case due to the presence of conflicting medical opinions in the record. She also argues that substantial evidence in the record could have supported the ALJ's findings regarding Dr. Aquino's opinions, which demonstrates that the record does not compel a finding of disability.

As another court in this district has observed, "[t]here is a tension between the Ninth Circuit's application of the credit as true rule in *Treichler* and that in *Garrison*." *See Potter v. Colvin*, No. 14-cv-02562-JSC, 2015 WL 3992944, at *5 (N.D. Cal. June 30, 2015). Yet the Ninth Circuit has "long held that the reviewing court has the discretion to remand a case either for further administrative proceedings or for a finding of disability and award of benefits." *Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1163 (D. Or. 2015) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)). "*Treichler* does not disturb this longstanding principle, and in fact, reiterates that the remand for benefits is discretionary." *Id*. The court in *Treichler* explained:

> There are sound practical reasons why we have viewed our own decisions in this area as discretionary, namely because the decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination that arises in an infinite variety of contexts, and narrow rules do not serve well in such a situation.

*Treichler*, 775 F.3d at 1100.

Following the Commissioner's position to its logical extension, the Commissioner appears to contend that under *Treichler*, a court may never rely on a treating physician's opinion under the credit-as-true rule unless there are no conflicts or ambiguities in the medical evidence for the ALJ to resolve. The court declines to interpret *Treichler* in this way. Medical evidence is, of course, rarely if ever unanimous in such proceedings. The ALJ had a full opportunity to perform a proper analysis of the medical evidence, but failed to do so in this case. The *Treichler* rule should not be

8

interpreted to require that an ALJ be given a second chance to do what the ALJ should have done correctly in the first place.

Indeed, as another court has noted, "[t]he credit-as-true doctrine incentivizes careful analysis during an ALJ's first review of the credibility of medical evidence and promotes efficient and timely final decisions for claimants, many of whom 'suffer from painful and debilitating conditions, as well as severe economic hardship.'" *Hatfield v. Colvin*, No. 14-cv-03262-JCS, 2016 WL 1394281, at *6 (N.D. Cal. Apr. 8, 2016) (quoting *Garrison*, 759 F.3d at 1019-20 (internal quotation omitted)). "[I]if grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Garrison*, 759 F.3d at 1020 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) (brackets in original)). As the Ninth Circuit noted in *Garrison*, "[Ninth Circuit] precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." 759 F.3d at 1021.

Additionally, *Treichler* is factually distinguishable. The claimant in *Treichler* complained of lower back pain, knee pain, ankle pain, urinary incontinence, and fecal incontinence. 775 F.3d at 1094-95. The ALJ concluded that the claimant was not disabled based in part on a finding that Plaintiff was not credible, and the claimant sought judicial review. *Id*. at 1097-98. The district court affirmed in part and reversed and remanded in part. *Id*. at 1093, 1098. The Ninth Circuit held that the ALJ erred in concluding that the claimant was not credible because he failed to "'specifically identify the testimony' he found not credible," and otherwise failed to explain "'the reason or reasons upon which' his adverse determination [was] based." *Id*. at 1102-03. However, the Ninth Circuit rejected the claimant's argument that his testimony about his urinary and fecal incontinence and disabling pain, combined with the VE's testimony that a person with such conditions would not be able to maintain employment, warranted remand for an award of benefits. *Id*. at 1103. The court determined that the record contained "significant factual conflicts" between the claimant's testimony and the objective medical evidence. *Id.* at 1104. Specifically, the claimant testified that he would lose control of his bladder during the day "[p]robably three times"

per week, while treatment notes showed that his problem with urinary incontinence occurred only at night. *Id.* The claimant also testified that he experienced fecal incontinence "once or twice a month," but the sole medical report in the record on the issue stated that he complained of constipation and denied problems with fecal incontinence. *Id.* Additionally, the claimant testified that he had debilitating pain twice a week, even though he reported to a physician that his pain medication made life "tolerable" and testified at the hearing that medication alleviates a lot of the pain. *Id.* The Ninth Circuit concluded that the record "raise[d] crucial questions as to the extent of [claimant's] impairment given inconsistencies between his testimony and the medical evidence in the record" and concluded that a remand for further proceedings, rather than payment of benefits, was the appropriate remedy. *Id.* at 1105-07. Here, in contrast, the inconsistencies highlighted by the Commissioner are conflicts between Plaintiff's treating physicians and non-treating physicians as to Plaintiff's limitations. The ALJ has already had an opportunity to review all of these records and make a legally sufficient analysis.

      The Commissioner also asserts that the court's order "does not actually contest that substantial evidence in the record *could* support the ALJ's findings" regarding Dr. Aquino's opinions and argues that this shows that the evidence is subject to varying interpretations. Mot. at 3-4 (emphasis in original). She also argues that the court found that ALJ "provided multiple valid reasons" to discount his opinions, but that the reasons were insufficiently unspecific. Mot. at 3. These arguments are based on statements by the court that the Commissioner has taken out of context, including the court's discussion of the regulations that set forth the factors to consider in weighing a treating physician's opinion and its discussion of the Commissioner's *post hoc* rationalizations for the ALJ's decision to grant Dr. Aquino's opinions less weight. *See* Order at 15-16. Whether the ALJ could have articulated specific and legitimate reasons supported by substantial evidence for rejecting Dr. Aquino's opinions is not relevant. In *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000), the court held that if the three-part credit-as-true standard is satisfied with respect to a doctor's opinion, "then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting [that doctor's] opinion." With respect to Dr. Houston, the Commissioner notes that the

court only found that the ALJ's reasoning was "not clear," which she asserts "equates with 'ambiguous,'" thus requiring further proceedings.[3] Mot. at 6. This argument, too, is based on an out-of-context statement by the court about the basis for the ALJ's description of Plaintiff's mental health treatment. Order at 17-18.

The court declines to revisit its conclusion that remand for benefits is appropriate. As discussed above, the ALJ failed to provide sufficient reasons to reject the opinions of Plaintiff's treating physicians. Plaintiff would undisputedly be found disabled if Dr. Aquino and Dr. Houston's opinions were credited as true. According to the VE, an individual with Plaintiff's limitations, as found by Dr. Aquino—the need to take hourly breaks and to work a six-hour day at least 15 times in a month—would not be able to maintain employment. The court remains satisfied "that there is not a 'serious doubt that [Plaintiff] is, in fact, disabled.'" Order at 22 (quoting *Garrison*, 759 F.3d at 1021). Remanding for an award of benefits was not manifest error.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment is denied.

**IT IS SO ORDERED.**

Dated: November 20, 2016



Donna M. Ryu
United States Magistrate Judge

---

[3] The Commissioner also argues that the court's characterization of Dr. Houston's mental health treatment notes is a "manifest error 'of fact upon which the judgment is based' and worthy of reversal." Mot. at 4. It appears that this argument is based upon the court's statement that the record showed that Dr. Houston "has treated Plaintiff for depression since June 2011," as well as the Commissioner's disagreement with the court's descriptions of the notes. Order at 17-18. The Commissioner is correct that Dr. Houston only diagnosed Plaintiff with depression in August 2012. However, the court's misstatement does not affect the outcome. The court was discussing the length and substance of Dr. Houston's two-year psychological treatment of Plaintiff in the context of the ALJ's assessment that Plaintiff had only received "minimal" treatment for his mental condition. *See* Order at 17-18. The date of Plaintiff's diagnosis does not impact the court's analysis that the ALJ's reasons for discounting Dr. Houston's opinion were not supported by substantial evidence.